AO 106 (Rev. 04/10) Application for a Search Warrant  AUTHORIZED AND APPROVED/DATE: Corbin Houston, 5/11/2022

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

an Amazon tablet with FCC ID: 2AP7S-6784, seized during a search of 805 Arlington Drive, Yukon, OK 73099

Case No. MJ-22-335-STE

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the ___Western___ District of ___Oklahoma___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2252 | Certain Activities Relating to Material Involving the Sexual Exploitation of Minors |

The application is based on these facts:

See attached Affidavit of Special Agent Connor Davis, FBI, which is incorporated by reference.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Special Agent Connor Davis, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: **May 11, 2022**

*Judge's signature*

City and state: Oklahoma City, Oklahoma

SHON T. ERWIN, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT**

I, Connor Davis, a Special Agent with the Federal Bureau of Investigation, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this Affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property, to include: (1) a Smartab Tablet, model ST7150-19; (2) an HTC cellphone with FCC ID: NM80P6B120; (3) an Amazon tablet with FCC ID: 2AP7S-6784; (4) an RCA tablet with FCC ID: A2HRCT6873W; (5) a Toshiba laptop with serial number: 9C099260Q; and (6) a Samsung cellphone with IMEI number 359823618614764 (the "DEVICES"), which are currently located at the Federal Bureau of Investigation Oklahoma City, Evidence Control Room, 3301 West Memorial Road, Oklahoma City, OK 73134, within the Western District of Oklahoma, and the extraction from that property of electronically stored information described in greater detail in Attachment B.

2. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since December 2021. I am currently assigned to the Ardmore Resident Agency ("RA") of the Oklahoma City Field Office of the FBI. My responsibilities while assigned to the Ardmore RA include the investigation of possible violations of federal law, including assaults, rapes, and murders. My responsibilities also include the investigation of offenses related to child sexual abuse material. As a Special Agent, I have received training in the use of various surveillance techniques and the execution of various search warrants involving electronic devices.

3. Moreover, I am a federal law enforcement officer who is engaged in investigating and enforcing criminal laws, including 18 U.S.C. §§ 1151, 1152, 1153, 2252, and 2252A, and I am authorized by law to request a search warrant.

1

4. The statements in this Affidavit are based in part on information provided by other law enforcement officers and on my investigation of this matter. Since this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that contraband and evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 2252(a)(2) and (b)(1) (receipt of a visual depiction of a minor engaged in sexually explicit conduct) and 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) (possession of and access with intent to view a visual depiction of a minor engaged in sexually explicit conduct) are presently located on the DEVICES.

## STATUTORY AUTHORITY

5. As noted above, this investigation concerns alleged violations of the following:

   a. **Title 18, United States Code, Section 2252(a)(2) and (b)(1)** prohibit any person from knowingly receiving or distributing any visual depiction using any means or facility of interstate or foreign commerce, or that has been mailed or shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproducing any visual depiction for distribution using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce or through the mails, if the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct.

   b. **Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2)** prohibits any person from knowingly possessing or accessing with the intent to view, or

attempting or conspiring to possess or access with the intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct.

## **DEFINITIONS**

6. The following definitions apply to this Affidavit:

   a. "Child pornography," as defined in 18 U.S.C. § 2256(8), is any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical or other means, of sexually explicit conduct, where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct.

   b. "Computer," as used herein, refers to "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility

    directly related to or operating in conjunction with such device" and includes smartphones and other mobile devices. *See* 18 U.S.C. § 1030(e)(1).

c. A "hash value" is a unique multi-character number that is associated with a computer file. Some computer scientists compare a hash value to an electronic fingerprint in that each file has a unique hash value. Any identical copy of the file will have exactly the same hash value as the original, but any alteration of the file, including even a change of one or two pixels, would result in a different hash value. Hash values represent large amounts of data as much smaller numeric values, so they are used with digital signatures.

d. An "Internet Protocol address" or "IP address," as used herein, refers to a unique numeric or alphanumeric string used by a computer or other digital device to access the Internet. Every computer or device accessing the Internet must be assigned an IP address so that Internet traffic sent from and directed to that computer or device may be directed properly from its source to its destination. Most Internet Service Providers ("ISPs") control a range of IP addresses. IP addresses can be "dynamic," meaning that the ISP assigns a different unique number to a computer or device every time it accesses the Internet. IP addresses might also be "static," if an ISP assigns a user's computer a particular IP address that is used each time the computer accesses the Internet. ISPs typically maintain logs of the subscribers to whom IP addresses are assigned on particular dates and times.

e. The "Internet" is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections

between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

f. "Minor" refers to any person under the age of eighteen years. 18 U.S.C. § 2256(1).

g. "Records," "documents," and "materials," as used herein, include all information recorded in any form, visual or aural, and by any means, whether in handmade, photographic, mechanical, electrical, electronic, or magnetic form.

h. A "sexual act" means (a) contact between the penis and vulva or the penis and the anus; (b) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; (c) penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or (d) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person. 18 U.S.C. § 2246(2).

i. "Sexually explicit conduct," as defined in 18 U.S.C. § 2256(2), means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the anus, genitals, or pubic area of any person.

j. A "storage medium" is any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, "thumb," "jump," or "flash" drives, CD-ROMs, and other magnetic or optical media.

k. "Visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means.

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

7. The DEVICES to be searched are as follows: (1) a Smartab Tablet, model ST7150-19; (2) an HTC cellphone with FCC ID: NM80P6B120; (3) an Amazon tablet with FCC ID: 2AP7S-6784; (4) an RCA tablet with FCC ID: A2HRCT6873W; (5) a Toshiba laptop with serial number: 9C099260Q, all seized during a search of 805 Arlington Drive, Yukon, OK 73099 on March 31, 2022; and (6) a Samsung cellphone with IMEI number 359823618614764 seized from Trent Stanberry pursuant to his arrest on March 31, 2022, in or near, Yukon, Oklahoma. The DEVICES are currently located at the FBI Oklahoma City, Evidence Control Room, 3301 West Memorial Road, Oklahoma City, OK 73134, and within the Western District of Oklahoma.

8. I seek a warrant that would authorize the forensic examination of the DEVICES for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

9. As will be shown below, there is probable cause to believe that **TRENT STANBERRY** committed a violation of possession and distribution of Child Pornography, in violation of Title 18, United States Code, Sections 2252(a)(2) and (a)(4)(B) per definitions contained within Title 18, Section 2252.

10. The defendant is **TRENT STANBERRY** ("**STANBERRY**").

11. On or about July 29, 2021, FBI Oklahoma City - Ardmore RA received a lead from the National Center for Missing & Exploited Children (NCMEC) through the Oklahoma State

6

Bureau of Investigation. NCMEC is a non-profit organization that helps law enforcement, families, and the public to help find missing children, reduce child sexual exploitation and prevent child victimization. FBI Oklahoma is currently engaged in an investigation involving Child Sexual Abuse Material. Facebook developed new technology in the fight against child exploitation and has begun to utilize photo-matching technology, artificial intelligence, and machine learning to proactively detect child nudity and previously unknown child exploitative content when it is uploaded and quickly identify the content and accounts that engage in potentially inappropriate interactions with children on Facebook and report it to NCMEC to prevent additional harm.

12. One individual identified during this investigation was **TRENT STANBERRY**, who resided within the City of Coalgate located within the Eastern District of Oklahoma. As of March 4, 2022, **STANBERRY** relocated to Yukon, Oklahoma, located in Canadian County, which is within the Western District of Oklahoma.

13. On or about May 8, 2021, Facebook filed a report with the NCMEC which identified two Facebook accounts that shared six video files, two of these files depict Child Pornography as defined by Title 18, United States Code, Section 2256. Facebook identified account number 100023403161053 as belonging to **STANBERRY** and account number 511198094 as belonging to the unidentified co-conspirator ("UCC").

14. Facebook provided the hash values of the two files that contain suspected materials relating to Child Pornography (possession and distribution). According to Facebook, the two files were uploaded from **STANBERRY** account UID# 100023403161053, username "trent.stanberry.906" to UCC Facebook account UID# 511198094, username "jjpaajjafaj" on or about May 7, 2021.

15. According to information obtained pursuant to a Federal Grand Jury subpoena

served upon Facebook on August 17, 2021, as well as information obtained from Facebook pursuant to a search warrant executed on February 9, 2022, the Facebook account user identification number 100023403161053 was associated with the following individual:

**Facebook Account Information:**

- Name provided by the account holder: **Trent Stanberry**
- Registered Email Address: **trentleestanberry@outlook.com**
- User Name: **trent.stanberry.906**
- Date of Birth: **05/15/1991**

16. According to CyberTipline Report 89968839 provided by NCMEC, on May 7, 2021, Facebook account UID# 100023403161053, associated with **STANBERRY**, utilized IP address 2600:387:1:813::5c to login to Facebook on that date and send two child pornography files to Facebook account UID# 511198094, utilized by UCC.

17. On August 4, 2021, FBI Child Exploitation Operations Unit "CEOU" reviewed the two videos that were provided by the NCMEC and determined that the videos contain a juvenile female engaged in various sex acts. According to CEOU, the videos appeared to be professionally produced to include background music, and the name Graham Greene appeared in the bottom left corner of the display for each video.

18. On or about August 19, 2021, Facebook returned a Grand Jury Subpoena for **STANBERRY** Facebook account 100023403161053. A review of Facebook subpoena information indicated that IP Address 2600:387:1:813::5c was used to login into Facebook account 100023403161053. The incident information, specifically date, time, and IP address associated with NCMEC report 89968839, is identical to the Federal Grand Jury subpoena information provided by Facebook, Inc, and associated with Facebook account 100023403161053.

19. On February 9, 2022, a Search Warrant for Facebook account 100023403161053 "trent.stanberry.906" was obtained and executed.  The following information was obtained from

the examination of the Facebook return:

    a. On May 7, 2021, between 15:40 – 16:10 standard central time, a conversation on Facebook took place between **STANBERRY**, Facebook account number 100023403161053, and UCC, Facebook account number 511198094. During the conversation, **STANBERRY** and UCC exchanged multiple videos and images that depicted various sexual acts and involved several prepubescent females.

    b. On May 7, 2021, at 15:21, **STANBERRY** sent a message via Facebook messenger to UCC and asked, "hey u good to receive." UCC responded "yea".

    c. On May 7, 2021, at 15:40, **STANBERRY** sent a video that depicts sexual acts by a prepubescent female. In the video, the prepubescent female has a red towel wrapped around her body and a white towel around her head. The prepubescent female is inside a room and a bunk bed can be seen behind her. The prepubescent female takes her red towel off and begins to rub her vagina while touching and squeezing her left breast. Then she lifts her right leg and placed it on an unseen object and continue to rub her vagina. In the end, she licks her fingers and kisses the camera.

    d. Following the video that was sent by **STANBERRY**, UCC asked **STANBERRY** "who the small girl," to which **STANBERRY** replied, "Beside destiny 'his wife' no clue on the rest. A bit taboo. Mega downloads. I know u like petite teens." Adding, "U got more coming."

    e. On May 7, 2021, at 15:53, **STANBERRY** sent 7 images to UCC depicting prepubescent females in various sexual acts. One of the images, "17190056484416," depicts two topless prepubescent females engaging in a sexual

9

    act. The female on the right appears to be 11-12 years old and has what appears to be male semen on her lips and around her left breast. The other female appears to be an 8-9 years old and is licking the semen off the other female's mouth.

f. There were additional pictures of females in various sexual acts sent by **STANBERRY** to UCC but the age of the females was unable to be determined.

g. On May 7, 2021, at 16:10, **STANBERRY** sent an mp4 video "4172176592861921" to UCC. The video is 2 minutes in length and depicts a prepubescent female in a wide room and completely tied up with a black rope in bondage style, her hands are tied up, and her mouth appeared to be gagged with an object to prevent her from speaking. The prepubescent female is wearing a short green dress that appears worn out or purposefully cut to see through her body. The prepubescent female lays on a gray tarpaulin sheet. A face-masked individual wearing dark clothes, high-heel female boots, and latex gloves enters the room and immediately grabs the prepubescent female by her ponytail and hands, which are still tied, and sits her up. The prepubescent female sounds like she may be crying or sniffling. The face-masked individual then unties her, then reties her hands behind her back. At this point, the prepubescent female is completely naked laying on the gray sheet and her back is facing the camera. The individual spanks the prepubescent female hard, grabs her from her ponytail, and forcefully turns her around to face a black dildo that is attached to a mirror. The prepubescent female begins to suck the dildo. Shortly after that, the prepubescent female lays on the ground on her back while the face-masked individual inserts what appears to be a sex toy 'vibrato' into the prepubescent female's private part while pushing a dildo into her mouth. The video

length is 2 minutes exactly.

    h. On May 7, 2021, at 15:55, UCC sent **STANBERRY** multiple videos of adults engaging in various sexual acts.

20. On January 5, 2022, open-source searches on **Trent Stanberry** revealed that 805 Arlington Dr, Yukon, OK 73099 is listed as **STANBERRY's** probable current address.

21. Between March 4, 2022, and March 29, 2022, surveillance was conducted on several occasions by FBI Agents to confirm **STANBERRY's** residence at the address.

22. On March 4, 2022, surveillance was conducted at 805 Arlington Drive, and **STANBERRY** was observed leaving the residence driving his registered vehicle, a black Chevrolet Tahoe, Oklahoma license plate CH2-3682.

23. On March 6, 2022, SA Babiker conducted surveillance at 805 Arlington Drive in which **STANBERRY'S** vehicle, Oklahoma license plate CH2-3682, was observed parked in front of the residence.

24. On March 31, 2022, FBI Agents arrested **STANBERRY** in the vicinity of his home in Yukon, OK, pursuant to an arrest warrant issued pursuant to a Complaint filed in the Eastern District of Oklahoma, charging **STANBERRY** with Distribution or receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1), and Possession of child pornography in, violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) (22-MJ-91-KEW).

25. Incident to **STANBERRY's** arrest, FBI Agents seized a Samsung cellphone, IMEI 359823618614764, from **STANBERRY's** person. **STANBERRY** verbally confirmed that the cellphone belonged to him. Further, **STANBERRY** used the cellphone to call his wife in the presence of the arresting Agents.

26.    The remainder of the DEVICES were lawfully seized by FBI Agents on March 31, 2021 during a search of 805 Arlington Drive, Yukon, OK 73099 conducted pursuant to a search warrant issued by Magistrate Judge Gary M. Purcell for the United States District Court for the Western District of Oklahoma. The Toshiba Laptop, Serial Number 9C099260Q, was found by Agents on a television stand in the living room of the residence. The RCA tablet, FCCID A2HRCT6873W, and Smartab tablet, model ST7150-19, were found in a hallway closet of the residence. The Amazon tablet, FCCID 2AP7S-6784, and HTC Cellphone, FCCID NM80P6B120, were both found in one of **STANBERRY's** daughter's rooms. According to information obtained during forensic interviews of **STANBERRY's** daughters, **STANBERRY** and his wife would regularly go through photos on their daughters' devices, indicating **STANBERRY** had regular access to the devices in his residence.

27.    The DEVICES are currently in an FBI evidence locker located at 3301 West Memorial Road, Oklahoma City, OK 73134.

**ELECTRONIC STORAGE AND FORENSIC ANALYSIS**

28.    Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

29.    *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Devices

were used, the purpose of their use, who used them, and when.  There is probable cause to believe that this forensic electronic evidence might be on the Devices because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b. Forensic evidence on a device can also indicate who has used or controlled the device.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

   d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process.  Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators.  Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves.  Contextual information necessary to understand other evidence also falls within the scope of the warrant.

   e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

   f. I know that when an individual uses an electronic device to produce, receive, or distribute child pornography, the individual's electronic device will generally serve both as an instrumentality for committing the crime, and also as a storage medium for evidence. The electronic device is an instrumentality of the crime because it is used as a means of committing the criminal offense. The electronic device is also likely to be a storage medium for evidence of crime. From my training and experience, I believe that an electronic device used to commit a crime of this type may contain: data that is evidence of how the electronic device was used; data that was sent or received; and other records that indicate the nature of the offense.

  30. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the devices consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the devices to human inspection in order to determine whether it is evidence described by the warrant.

  31. *Manner of execution.* Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## **CONCLUSION**

  32. I submit that this Affidavit supports probable cause for a search warrant authorizing the examination of the Devices described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

Connor M Davis
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to me
on May 11, 2022:

HONORABLE SHON T. ERWIN
United States Magistrate Judge

## ATTACHMENT A

The property to be searched is as follows: a Smartab Tablet, model ST7150-19; an HTC cellphone with FCC ID: NM80P6B120; an Amazon tablet with FCC ID: 2AP7S-6784; an RCA tablet with FCC ID: A2HRCT6873W; and a Toshiba laptop with serial number: 9C099260Q, all seized during a search of 805 Arlington Drive, Yukon, OK 73099; and a Samsung cellphone with IMEI number 359823618614764 seized from Trent Stanberry, hereinafter referred to as the "**DEVICES**." The **DEVICES** are currently located at the FBI Oklahoma City, Evidence Control Room, 3301 West Memorial Road, Oklahoma City, OK 73134.

This warrant authorizes the forensic examination of the **Devices** for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

## Things to Be Seized

All records on the **Devices** described in Attachment A that relate to violations of 18 U.S.C. § 2252(a)(2) & (b)(1) and 18 U.S.C. § 2252(a)(4)(B) & (b)(2) involving **TRENT STANBERRY** and other co-conspirators, including, but not limited to:

1. Child sexual abuse material;

2. Communications between **STANBERRY** and others related to the receipt, distribution, or production of child sexual abuse material;

3. Lists of recipients of child sexual abuse material and related identifying information;

4. Lists of distributors of child sexual abuse material and related identifying information;

5. Files related to the production of child sexual abuse material;

6. Any information related to the sources of child sexual abuse material;

7. Any information related to travel to receive, produce, or distribute child sexual abuse material; and

8. Evidence of user attribution showing who used or owned the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law

3

enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.